UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **WILFRED BRADLEY** | * | **CIVIL ACTION NO:  6:19-CV-00056** |
| **VERSUS** | * | **JUDGE ROBERT R SUMMERHAYS** |
| **MOUNTAIN LAKE RISK,** <br> **U.S. XPRESS, INC.;** <br> **AND GEORGE FIORUCCI** | * | **MAGISTRATE PATRICK J HANNA** |

## PLAINTIFF'S MOTION IN LIMINE

NOW INTO COURT, through undersigned counsel, comes plaintiff, WILFRED BRADLEY, who respectfully requests that this Honorable Court grant plaintiffs' Motion in Limine concerning the issues set forth below and moves that the Court prohibit and prevent any questions, references, and/or submit evidence concerning the following matters during the trial of this case:

1. **Social Security Administration.** Any reference to the Social Security Administration. *Green v. Connor*, 644 So.2d 618 (La. 1994).

2. **Prior Claims.** Whether or not any of the plaintiff have ever made prior claims for money for injuries or whether or not said claims resulted in settlements or lawsuits have been filed or have been tried.  Such evidence is not relevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Federal Rules of Evidence  401-403.

3. **Collateral Source**. Reference to any collateral source including but not limited to insurance benefits, worker's compensation, loans or other financial assistance from counsel. See *Tipton v. Socony Mobil Oil Co.,* 375 U.S. 34, 84 S. Ct. 1, 11 L. Ed. 2d 4 (1963)

4. **Child Support**. Any evidence related to payment of child support and/or failure to pay same.  Federal Rules of Evidence  401-403.

5. **Motion in *Limine***. Any reference to the fact that a Motion in *Limine* was filed.  Federal Rules of Evidence  401-403.

6. **Financial Status of Plaintiff Attorney**. Any comment, inference, evidence, testimony, or document concerning financial status, resources, or net worth of plaintiff's attorney. Federal Rules of Evidence  401-403.

7. **Attorney-Client Privilege**. Any mention of any transactions between the plaintiff and his attorney(s), including conversations with and all transactions connected thereto. In this connection, plaintiff claims the attorney-client privilege. Federal Rules of Evidence 502.

8. **Recovery of Interest**. Any reference to the fact that plaintiff will be able to recover interest on any damages that may be awarded.  Federal Rules of Evidence  401-403.

9. **Federal Income Tax**. That any recovery by the plaintiff either would or would not be subject to federal income taxation or any other form of taxation. Federal Rules of Evidence 401-403.

10. **Annuities**. Any comment, inference, evidence, testimony or document that mention or allude that any recovery by the plaintiff may be funded into an annuity.  Federal Rules of Evidence  401-403.

11. **Adverse Financial Impact of Verdict Upon Jurors**. Any comment, inference, evidence, testimony or document tending to suggest, in any way, that the jurors would be damaged or financially hurt if an adverse judgment against Defendants is awarded in this case.  Federal Rules of Evidence  401-403.

12. **Adverse Effects of Judgment on Insurance Premiums**. That no mention be made of the effect or result of a claim, suit or judgment upon insurance rates, premiums or charges either generally or as particularly applied to any party in question as a result of this or any other matter.  Federal Rules of Evidence  401-403.

13. **Adverse Effect of Judgment on Defendants**. Any evidence, questions, or comments suggesting or implying that Defendants will be adversely affected by any judgment entered in this case, or that Defendants may not be able to pay any such judgment, or by suggesting or implying in any way that there is not sufficient insurance to protect these Defendants, or any other evidence, question, or comment calculated to invoke the sympathy of the jury for these Defendants on grounds of economic hardship. Federal Rules of Evidence 401-403.

14. **Evidence Precluded by the Court**. That the Defendants be precluded from inquiring about, mentioning or referencing any testimony, testing, scientific evidence, exhibits or other evidence that has been previously excluded by the Court since this would have the effect of reopening arguments in front of the jury that have already been decided by this Honorable Court. That the Defendants be precluded from inquiring about, mentioning, inferring or referencing any way, any adverse rulings by this Court, or suggesting in any way that any rulings by this Court have somehow prejudiced the Defendant or their counsel. Federal Rules of Evidence 401-403.

15. **Photographs, Movies, and Videotapes**. That the Defendants not mention or allude or attempt to demonstrate to the jury any photographs, movies, videotapes, audiotapes, or similar displays without first tendering such displays to Plaintiffs' counsel for the purpose of permitting any appropriate objection Federal Rules of Evidence 401-403.

16. **Witnesses or Expert Opinions Not Revealed in Discovery**. That Defendants not call or attempt to call in the presence of the jury any person, expert or otherwise, not revealed by the Defendants in timely filed pleadings or discovery, or to elicit any expert testimony whether by live testimony or by deposition testimony, not previously revealed in timely

filed expert reports, or in supplemental discovery responses, or to refer to the testimony of any person not previously revealed in timely filed pleadings or discovery responses. The failure to timely make, amend, or supplement the discovery response will unfairly surprise or unfairly prejudice the Plaintiff. Federal Rules of Evidence 401-403.

17. **Unrelated Injuries or Illnesses**. That the Defendants not mention or allude to any unrelated injuries or illnesses of any of the Plaintiffs unless it can be shown that such unrelated injuries or illnesses have some relevance to any issue to be decided by this jury. That Defendants not mention or allude to whether or not any of the Plaintiffs have ever sustained prior or subsequent injuries, illnesses or disabilities to any part of the body, except those parts of the body which sustained injuries as a result of the instance made the basis of this lawsuit, including, but not limited to, plaintiff's consultation/medical history related to breast reduction surgery as such information is irrelevant to the case at bar and would only serve to distract and embarrass. Federal Rules of Evidence 401-403.

18. **Any Mention of "Obama Care" or Medicare or Other Secondary Payer Programs**. Any references to "Obama Care" or Medicare or other secondary payer program that Plaintiffs have received, have been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character. Federal Rules of Evidence 401-403.

19. **Impeachment Evidence Not Given Timely**. Any references or evidence of impeachment evidence that was not shared with plaintiffs prior to trial should be excluded. See *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 515 (5th Cir.1993), cert. denied, 114 S.Ct. 1536 (1994).

RESPECTFULLY SUBMITTED:

**BROUSSARD & DAVID, LLC**

*/s/Blake R. David*
_____
BLAKE R. DAVID (#27427)
ROBERT B. BRAHAN, JR. (#31390)
KENNETH P. HEBERT (#33885)
557 Jefferson Street
P.O. Box 3524
Lafayette, Louisiana 70502-3524
(337) 233-2323 - Telephone
(337) 233-2353 - Facsimile
ATTORNEY FOR PETITIONER,
WILFRED BRADLEY

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2020 a copy of the foregoing Motion in Limine was filed electronically with the Clerk of Court using the MC/ECF system. Notice of this filing will be sent to defendants' counsel by operation of the court's electronic filing system.

*/s/Blake R. David*
_____
Blake R. David