UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| WILFRED BRADLEY | : | CIVIL ACTION NO. 6:19 cv 00056 |
| VERSUS | : | JUDGE ROBERT R. SUMMERHAYS |
| MOUNTAIN LAKE RISK, U.S. XPRESS, INC., AND | : | MAGISTRATE PATRICK J. HANNA |
| GEORGE FIORUCCI | : | JURY DEMAND |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE***

NOW INTO COURT, through undersigned counsel, come defendants, Mountain Lake Risk Retention Group, Inc., U.S. Xpress, Inc., and Mr. George Fiorucci (collectively, "Movers"), who have moved this Honorable Court for a Motion *in Limine* and, in support thereof show, as follows:

**I.   RELIEF SOUGHT**

Defendants seek a ruling and associated Order bearing upon three narrow, discrete issues. First, Defendants seek an order excluding any argument or reference to the relative financial positions of Defendants and Plaintiff. Second, Defendants seek an order excluding any reference, testimony, or evidence related to U.S. Xpress, Inc.'s hiring, training, supervision or retention of Mr. Fiorucci, or entrustment of a vehicle to Mr. Fiorucci. Finally, Defendants seek an order excluding any reference, testimony, or evidence associated with Dr. Muldowney's February 24, 2021 report and associated lumbar surgical recommendation disclosed and furnished to Defendants for the first time on March 22, 2021.

**II.   RELEVANT FACTUAL BACKGROUND**

The relevant facts underlying Defendants' Motion *in Limine* are simple.  The Plaintiff's action for personal injury damages arises out of a motor vehicle collision on February 14, 2018 in

Jefferson Davis Parish, Louisiana.[1] This collision involved a vehicle driven by the Plaintiff, Mr. Wilfred Bradley, and defendant, Mr. George Fiorucci.[2] At the time of the alleged accident, Mr. Fiorucci was employed by defendant, U.S. Xpress, Inc. and was acting within the course and scope of his employment the time of the incident.[3]

U.S. Xpress, Inc. confirmed Mr. Fiorucci was employed by it and was acting within the course and scope of his employment with U.S. Xpress, Inc. in its Answer to Plaintiff's Complaint.[4] Mr. Fiorucci also admitted in his Answer that he was employed by U.S. Xpress, Inc. and was acting within the course and scope of his employment with it at the time of the incident.[5] U.S. Xpress, Inc. is bound by the judicial confession of that fact in this litigation.

Meanwhile, with respect to the third and final prong of Defendants' Motion *in Limine*, the pertinent facts are likewise quite simple. Plaintiff's treating physician, Dr. Muldowney, prepared a report dated February 24, 2021 following Plaintiff's recent lumbar epidural injection (the "Treating Physician Report").[6] According to that report, Plaintiff received "no relief" from that February 4, 2021 lumbar epidural injection.[7] Under the "services ordered" portion of the Treating Physician Report, it provides a new surgical recommendation. In relevant part, the report states as follows: "SPX SURGICAL PROCEDURE (Anterior lumbar interbody fusion L4-L5, allograft, plate, fluoroscopy, neurodiagnostic monitoring…."[]. Dr. Muldowney opines in the Treating

---

[1] See Plaintiff's Complaint at Doc. No. 1.
[2] See Plaintiff's Complaint at Doc. No. 1.
[3] See U.S. Xpress, Inc.'s Answer to Complaint at ¶¶ 2 & 5, Doc. No. 4, Page ID 23.
[4] See U.S. Xpress, Inc.'s Answer to Complaint at ¶¶ 2 & 5, Doc. No. 4, Page ID 23.
[5] See Mr. Fiorucci's Answer to Complaint at ¶¶ 2 & 5, Doc. No. 3, Page ID 18.
[6] See Exhibit 1, Dr. Muldowney's February 24, 2021 Report.
[7] Id.

Physician Report that, with respect to Plaintiff, "I believe he is a candidate for an anterior fusion because of his persistent pain. A return visit is indicated or sooner if the procedure is authorized."[8] This Treating Physician Report and associated surgical recommendation was furnished by Plaintiff to Defendants via email on March 22, 2021 under a cover letter dated March 19, 2021.

### III. LAW AND ARGUMENT

**1. Applicable law.**

"Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court."[9] "Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[10]

"Evidence should only be excluded in limine where it is 'clearly inadmissible on all potential grounds.'"[11] "Evidentiary rulings, however, 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context.'"[12]

**2. The parties' relative financial positions are irrelevant and argument or reference to their relative financial positions should be prohibited.**

The relative financial conditions of the Plaintiff, U.S. Xpress, Inc., or Mountain Lake Risk Retention Group, Inc., and any associated disparity, if any, is irrelevant. Evidence of this or any

---

[8] Id.
[9] See Hebert v. Prime Ins. Co., No. 2:18-CV-00899, 2020 WL 1865952, at *2 (W.D. La. Apr. 13, 2020) citing Fed.R.Evid. 402.
[10] Hebert, 2020 WL1865952 at *2 citing Fed.R.Evid. 403.
[11] See Hebert, 2020 WL 1865952 at *2.
[12] Hebert, 2020 WL 1865952 at *2.

other related information, except evidence needed to support or contradict Plaintiff's economic damages, is irrelevant and inadmissible. To admit evidence of the parties' financial conditions would only create significant risk of inflaming and/or improperly influencing the jury. This is especially true if the Plaintiff were permitted to suggest Defendants should be held accountable for Plaintiff's damages because they are "wealthy."

Indeed, the relative financial positions of Defendants and Plaintiff are not relevant issues in this case, and accordingly, Defendants seek for this Court to issue an order excluding such evidence pursuant to Federal Rules of Evidence 401 and 402. The exclusion of references to such irrelevant and inadmissible matters does not prejudice Plaintiff's ability to prove the damages to which Plaintiff is entitled, if any, in this matter. However, permitting such improper arguments constitutes grounds for reversal[13] and, accordingly, the grant of Defendant's Motion on this issue will ensure this inappropriate, irrelevant issue does not later trigger additional proceedings.

Based upon the foregoing, Defendants move this Court to preclude the parties from offering any evidence or argument about relative disparities or differences in the parties' financial conditions.

**3. Evidence and testimony of any purported independent negligence on behalf of U.S. Xpress, Inc. should be excluded.**

Defendants respectfully request that this Honorable Court issue a judgment prohibiting Plaintiff from presenting evidence through testimony, documentation, or otherwise, that U.S.

---

[13] Gonzalez v. Volvo of America Corp., 734 F.2d 1221, 1225 (7th Cir. 1984)("Appealing to the sympathy of the jurors through references to the wealth of the defendants in contrast to the relative poverty of the plaintiff is totally improper and cause for reversal"); Garcia v. Sam Tanksley Trucking, Inc., 708 F.2d 519, 522 (10th Cir. 1983) ("Counsel for Plaintiffs clearly overstepped the bounds of proper argument by attempting to contrast [defendant corporation's] wealth with plaintiff's poverty."); Enrque v. Cochran, 967 P.2d 1136, 1171 (N.M. Ct. App. 1998) ("The danger of introducing the wealth of the parties is its potential to influence the jury's deliberation as to liability issues on irrelevant grounds.").

Xpress, Inc. committed independent negligence in connection with the subject accident – evidence that is irrelevant and prejudicial in light of U.S. Xpress, Inc.'s admission that Mr. Fiorucci was acting within the course and scope of his employment with U.S. Xpress, Inc. at the time of the subject accident. Various Louisiana Federal District Courts have acknowledged that a Plaintiff cannot simultaneously maintain a cause of action against the employer under the doctrine of *respondeat superior* as well as pursuing the independent negligence of the employer in hiring, training, supervision, retention, or entrustment, when the employer has stipulated that the employee was acting within the course and scope of their employment.

Putting aside three outlying federal district court rulings,[14] the question of how to treat a Plaintiff's separate causes of action – for vicarious liability for an employee's negligence and direct negligence of the employer where there is an admission of course and scope – is settled at the federal level. As acknowledged by another Louisiana Federal District Court, various federal authorities "have chartered this very territory."[15] Indeed, each of the following non-exclusive list of decisions have enforced the rule of decision advocated for by Defendants here, to-wit:

- Andry v. Werner Enterprises of Nebraska;[16]
- Coffey v. Knight Refrigerated, LLC;[17]

---

[14] Recently, in Zinamon v. STR Transport, Inc., Zinamon v. STR Transp., Inc., No. CV 19-656-SDD-EWD, 2021 WL 725801, at *6 (M.D. La. Feb. 24, 2021) District Judge Shelly Dick "respectfully declined" to follow one of those outliers, Gordon v. Great W. Casualty Co., No. 2:18-CV-00967, 2020 WL 3472634, at *4-5 (W.D. La. June 25, 2020, and instead acknowledged that, with respect to the very rule of decision advocated for herein, stating with respect to that position, "[t]his Court, as well as the Western and Middle District of Louisiana, have repeatedly adopted this view." Zinamon v. STR Transp., Inc., No. CV 19-656-SDD-EWD, 2021 WL 725801, at *5 (M.D. La. Feb. 24, 2021).

[15] Pigott v. Heath, 2020 U.S. Dist. LEXIS 18646, at *7 (E.D. La. Feb. 5, 2020).

[16] 2020 U.S. Dist. LEXIS 12557, at *1 (E.D. La. Jan. 27, 2020).

[17] 2019 U.S. Dist. LEXIS 189873, at *3 (E.D. La. Nov. 1, 2019).

- Giles v. Ace Am. Ins. Co.;[18]

- Thomas v. Chambers;[19]

- Vaughn v. Taylor;[20]

- Franco v. Mabe Trucking Co., Inc.;[21]

- Wright v. Nat'l Interstate Ins. Co.;[22]

- Wilcox v. Harco Int'l Ins.;[23] and

- Dennis v. Collins;[24]

- Baham v. Lovorn & Lovorn Trucking, Inc.;[25]

- Daniels v. King;[26]

---

[18] 2019 U.S. Dist. LEXIS 106839, at *2-3 (E.D. La. June 26, 2019).

[19] 2019 U.S. Dist. LEXIS 65900, at *7 (E.D. La. Apr. 17, 2019). (District Judge Vance ruling, "that, if a jury charge on the employer's standard of care is unnecessary under the scenario at issue, then summary judgment on direct negligence claims is also appropriate."). That same reasoning was adopted in Coffey infra.

[20] 2019 U.S. Dist. LEXIS 5251, at *3 (W.D. La. Jan. 10, 2019).

[21] 2018 U.S. Dist. LEXIS 198263, at *4 (W.D. La. Nov. 20, 2018).

[22] 2017 U.S. Dist. LEXIS 184182, at *3 (E.D. La. Nov. 7, 2017).

[23] 2017 U.S. Dist. LEXIS 97950, at *3 (M.D. La. June 26, 2017). (District Judge Dick ruling, "Plaintiff's argument that Louisiana's comparative fault regime allows him to pursue independent claims of negligence against Hill & Hill while simultaneously asserting that Hill & Hill is vicariously liable for the negligence of Richards is without merit.").

[24] 2016 U.S. Dist. LEXIS 155724, at *7 (W.D. La. Nov. 9, 2016).

[25] Baham v. Lovorn & Lovorn Trucking, Inc., 2020 U.S. Dist. LEXIS 85106, at *11 (E.D. La. Mar. 10, 2020) ("Thus, considering the Defendants' motion *in limine*, the Court finds the reasoning found in *Libersat* to be persuasive and concludes that the Plaintiffs' direct negligence causes of action (*i.e.*, negligent entrustment and negligent hiring) are subsumed by their [*12] *respondeat superior* claim. Accordingly, the presentation of evidence of the Defendants' prior negligence would be a "waste of time," and such evidence is inadmissible under Fed.R.Evid. 403.") Baham, 2020 U.S. Dist. LEXIS 85106, at *11-12.

[26] 2020 U.S. Dist. LEXIS 18655, (E.D. La. Feb. 5, 2020). (District Judge Feldman ruling that "the motion has merit," and granting defendants' motion for partial summary judgment. Plaintiff did not even file an opposition and did not provide any contrary authority.).

- Jones v. Nat'l Liab. & Fire Ins. Co.;[27]

- Meadors v. D'Agostino;[28]

- Hebert v. Prime Ins. Co.; and[29]

- Watson v. Jone*s*.[30]

In addition to various Louisiana Federal District Courts adopting this rule of decision, various Louisiana state courts have likewise adopted same. In Wheeler v. United States Fire Ins. Co. – a June 13, 2019 decision the Louisiana First Circuit Court of Appeals granted a supervisory writ and overturned a Louisiana District Court's decision denying a motion for partial summary judgment filed on behalf of a trucking company and its insurer premised on the same applicable rule Defendants seek to enforce here. The Louisiana First Circuit not only overturned the District Court's denial, but also granted the defendants' motion for partial summary judgment.[31]

The Louisiana First Circuit is not the only Louisiana intermediate court that has recognized that a stipulation to course and scope precludes attempting to pursue direct negligence causes of action against an employer vicariously liable for any negligence of the employee. In Landry v. Nat'l Union Fire Ins. Co., rendered on December 30, 2019, the Louisiana Fifth Circuit Court of

---

[27] 2020 U.S. Dist. LEXIS 49331, at *5 (E.D. La. Mar. 23, 2020).

[28] 2020 U.S. Dist. LEXIS 54979, (M.D. La. Mar. 30, 2020). (District Judge Jackson ruling, a "Plaintiff's direct negligence claim is essentially subsumed in the direct negligence claim against the employee. In simpler terms, an employee driver's negligence may include negligence of an employer for lapses in training or supervision. If a driver was not negligent, then no amount of negligence on the part of an employer could be the cause-in-fact or legal cause of a collision.").

[27] 2020 U.S. Dist. LEXIS 64910, at *5 (W.D. La. Apr. 13, 2020). (District Judge Cain ruling, "[a] plaintiff may not simultaneously maintain causes of action for *respondeat superior* and a direct negligence action (negligent hiring, training, and/or supervision against an employer so long as the employer stipulates that the employee was acting in the course and scope of his employment when he committed the negligent act.").

[30] 2020 U.S. Dist. LEXIS 118604, (E.D. La. July 6, 2020).

[31] Id. at * 1-2.

Appeals considered a plaintiff's appeal challenging a trial court's holding that she could not maintain causes of action against an employer-defendant for negligent hiring, training, supervision and entrustment when the employer admitted that the subject accident arises from its employee's negligence in the course and scope of his employment.[32] That assertion was rejected.

**4. The Treating Physician Report and associated opinions were untimely furnished to Defendants and should be excluded:**

"The Fifth Circuit recognizes that district courts have broad discretion in enforcing their scheduling orders by excluding evidence."[33] As this District Court may recall, Defendants previously filed a motion to continue, or alternatively, a motion *in limine* premised upon the requirements of this Honorable Court's scheduling order that, within five days of receipt, copies of reports of treating physicians are to be furnished to opposing counsel.[34] Specifically, in that case, Defendants were not timely provided with various treating physician reports, including the report of a new treating physician. Before that Motion was adjudicated, the parties resolved the issue by agreeing to continue the trial of this matter to a later date and filed a Joint Motion to Continue the Trial. Yet, this District Court cautioned against the practice of providing untimely treating physician reports, stating in the Order granting the Joint Motion to Reset Trial,[35] "[c]opies of Reports of Treating Physicians must be provided to opposing counsel within five (5) days of receipt."[36]

---

[32] Landry v. Nat'l Union Fire Ins. Co., 19-337 (La. App. 5 Cir. 12/30/19); 289 So. 3d 177, 184 writ denied, 20-188 (La. 5/1/20); 295 So.3d 945.
[33] Kitts v. Citgo Petroleum, Inc., No. 2:07-CV-1151, 2009 WL 192548, at *1 (W.D.La. January 22, 2009).
[34] Doc. No. 42.
[35] Doc. No. 45.
[36] Doc. No. 45.

Despite this admonishment, Defendants were provided Dr. Muldowney's February 24, 2021 treating physician report, containing a new surgical recommendation, on March 22, 2021 under a cover letter dated March 19, 2021.

Simply put, this matter is set to be tried on May 10, 2021 and time was of the essence with respect to Defendants preparing their defense. Yet, the District Court's appropriate safeguard for affording the Defendants the opportunity to address the findings of Plaintiff's treating physicians was yet again ignored to Defendants' detriment. Dr. Muldowney's February 24, 2021 report should be excluded.

### IV. CONCLUSION

This Honorable Court should not deviate from relevant rules of decision emanating from Louisiana's various Federal District Courts, and Louisiana's First, Third and Fifth Circuits of Appeal. Plaintiff's direct negligence causes of action are subsumed in Defendants *respondeat superior* liability, if any, and thus evidence related to U.S. Xpress, Inc.'s independent negligence is irrelevant and inadmissible. In addition, this Honorable Court should enforce its Order requiring the production of Plaintiff's treating physician reports within five days of receipt by excluding Dr. Muldowney's report and recommendation untimely provided to Defendants.

Respectfully submitted,

**The Dill Firm, A.P.L.C.**

BY: */s/James M. Dill*
_____
JAMES M. DILL (Bar Roll #18868)
MICHAEL C. WYNNE (Bar Roll #36096)
G. AUSTIN LOVE (Bar Roll #36554)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324

Telephone: (337) 261-1408 Ext. 211<br>
Facsimile: (337) 261-9176<br>
Email: jdill@dillfirm.com<br>
Email: mwynne@dillfirm.com<br>
Email: alove@dillfirm.com<br>
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on March 22, 2021, a copy of the foregoing, "Defendants' Motion *in Limine*" was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

Lafayette, Louisiana, this 22nd day of March, 2021.

*/s/ James M. Dill*
_____
JAMES M. DILL