UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| WILFRED BRADLEY | : | CIVIL ACTION NO. 6:19 cv 00056 |
| VERSUS | : | JUDGE ROBERT R. SUMMERHAYS |
| MOUNTAIN LAKE RISK, U.S. XPRESS, INC., AND | : | MAGISTRATE PATRICK J. HANNA |
| GEORGE FIORUCCI | : | JURY DEMAND |

## DEFENDANTS' MOTION *IN LIMINE* AND/OR TO STRIKE

Now into Court, through undersigned counsel, come defendants, Mountain Lake Risk Retention Group, Inc., and U.S. Xpress, Inc. (collectively, "Movers" or "Defendants"), who, for the reasons identified in their memorandum in support of this motion filed this same date, seek an order:

1. Prohibiting evidence or testimony for any treating physicians which failed to provide expert disclosures compliant with Rule 26(a)(2)(B) or Rule 26(a)(2)(C).

2. Prohibiting evidence or testimony from Dr. Muldowney as to medical causation and future medical care on the grounds Rule 26(a)(2)(B) disclosures were not provided.

3. Prohibiting evidence or testimony from Dr. Weir as to medical causation and future medical care on the grounds Rule 26(a)(2)(B) disclosures were not provided.

4. Excluding and prohibiting any testimony concerning Plaintiff's psychological care on the grounds that Plaintiff's treating physician in this field was disclosed, for the first time, on July 1, 2021, associated treating physician reports were untimely provided more than five days after Plaintiff's counsel's receipt of same, and Plaintiff's counsel represented that Plaintiff was not receiving treatment in this specialty as of May 2021 in response to a request for an independent medical examination related to a reference to a depression diagnosis.

5. Excluding and prohibiting any reference, testimony, or evidence expressed in any treating physician's report untimely produced to Defendants in this matter more than five days after their receipt by Plaintiff's counsel, including, but not limited to, Jensen Bergeron's January 26, February 23, and March 24, 2021 reports, Dr. David Weir's June 8, 2021 report, and Dr. Muldowney's May 21, 2021 report (all furnished to Defendants on July 1, 2021).

6. Excluding and striking any future medical treatment predictions that are not set forth on a more probable than not basis.

7. Excluding and striking those portions of Mr. Rice and Mr. Stokes' reports, as supplemented, premised upon evidence or testimony limited and/or excluded pursuant to paragraphs 1 through 6 set forth above.

WHEREFORE, after due notice and proceedings are had, Movers pray for an order *in limine* and/or to strike those items of evidence and testimony this Honorable Court deems appropriate in the premises; and for such other relief as this Honorable Court deems appropriate.

Respectfully submitted,

**The Dill Firm, A.P.L.C.**

BY: */s/Michael C. Wynne*
_____
JAMES M. DILL (Bar Roll #18868)
MICHAEL C. WYNNE (Bar Roll #36096)
G. AUSTIN LOVE (Bar Roll #36554)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408 Ext. 211
Facsimile: (337) 261-9176
Email: jdill@dillfirm.com
Email: mwynne@dillfirm.com
Email: alove@dillfirm.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on September 21, 2021, a copy of the foregoing, "Defendants' Motion *in Limine* and/or to Strike" was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

Lafayette, Louisiana, this 21st day of September, 2021.

*/s/Michael C. Wynne*
_____
MICHAEL C. WYNNE